UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  
Richard Martin Lewiston,  
    Debtor.  
_____/

Chapter 7  
Case No. 12-58599  
Hon. Phillip J. Shefferly

Gene R. Kohut, Chapter 7 Trustee,  
    Plaintiff,

v.

Bloomfield Township,  
    Defendant.  
_____/

Adversary Proceeding  
No. 15-4963-PJS

### ORDER DENYING CHARTER TOWNSHIP OF WEST BLOOMFIELD'S MOTION FOR SANCTIONS

On September 30, 2015, the Chapter 7 Trustee ("Trustee") commenced this adversary proceeding by filing a complaint against the Charter Township of West Bloomfield ("West Bloomfield"). The complaint seeks to avoid unauthorized transfers under § 549 of the Bankruptcy Code, made by the Debtor post-petition. On December 28, 2015, counsel for West Bloomfield alerted the Trustee by email that it appeared that the Debtor had made the payments to Bloomfield Township ("Bloomfield"), and not West Bloomfield. The Trustee agreed that he had made an error, and that same day emailed a draft stipulation and order allowing the Trustee to amend the complaint to change the name of the defendant. Counsel for West Bloomfield was unwilling to do so, explaining in a later email that day that her office represents both West Bloomfield and Bloomfield, and she could not consent to add Bloomfield as a defendant.

On January 7, 2016, the Trustee filed a motion to amend the complaint to change the defendant from West Bloomfield to Bloomfield. On January 23, 2016, West Bloomfield filed a combined motion for summary judgment and for sanctions. On February 2, 2016, West Bloomfield filed an answer to the complaint. Later that day, the Trustee filed an amended complaint, changing the defendant to Bloomfield. The Court held a hearing on February 12, 2016 on the Trustee's motion to amend. The Court determined that both the Trustee's motion to amend and West Bloomfield's motion for summary judgment were moot. The Court denied West Bloomfield's request for sanctions because Fed. R. Bankr. P. 9011(c)(1)(A) requires that "[a] motion for sanctions shall be made separately from other motions . . . ."

On February 19, 2016, West Bloomfield filed a motion for sanctions citing 28 U.S.C. § 1927 and Fed. R. Civ. P. 11. The Trustee filed a response. The Court will not schedule a hearing because the Court is not persuaded that it will help the decision making process. For the following reasons, the Court denies West Bloomfield's motion.

West Bloomfield cites 28 U.S.C. § 1927, but with no further reference. In the absence of any legal application of that statute to the facts in this case, the Court declines to make this argument for West Bloomfield.

Rule 9011(b) has four potential grounds for sanctions. West Bloomfield relies on subsections (1) and (3). To prevail under 9011(b)(1), West Bloomfield must show that the Trustee presented a petition, pleading, motion or other paper for an "improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation[.]" West Bloomfield never expressly identifies the offending paper, but its statement of issues presented refers to costs incurred in responding to the Trustee's motion to amend. In essence, West Bloomfield takes issue with the

-2-

15-04963-pjs    Doc 41    Filed 03/09/16    Entered 03/09/16 10:02:36    Page 2 of 4

Trustee's decision not to agree to the outright dismissal of West Bloomfield because of potential relation back and statute of limitations problems. This was a rational strategic decision by the Trustee, just as was West Bloomfield's decision not to consent to substitution because its attorney also happens to represent Bloomfield, the party to be substituted as the defendant. There being colorable arguments to be made on both sides of the procedural issues, West Bloomfield has not demonstrated that the Trustee had an improper purpose in filing the motion to amend.

Another potential offending paper is the complaint itself, based on West Bloomfield arguing in its brief that there was no evidence to support naming West Bloomfield as a defendant in the first instance. The Trustee readily admitted both to West Bloomfield and the Court that he had made a mistake. West Bloomfield has not demonstrated that this mistake was due to an improper purpose.

To prevail under Rule 9011(b)(3), West Bloomfield must show that the Trustee failed to make an inquiry, reasonable under the circumstances, that "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" The Trustee described the inquiry he made before filing the complaint and detailed the reasons showing how he made the mistake of naming West Bloomfield rather than Bloomfield as the defendant. West Bloomfield does not offer any contrary explanation to show how the mistake was made or to show that the Trustee failed to make an inquiry that was reasonable under the circumstances. It appears to the Court that the Trustee, after making a reasonable inquiry, simply made a good faith mistake in naming West Bloomfield instead of Bloomfield.

With the benefit of hindsight, it is obvious to the Court that counsel for the Trustee and counsel for West Bloomfield could have found a more expeditious and economical way to remove

West Bloomfield as a defendant in this adversary proceeding. The fact that they did not do so is unfortunate, as it may have increased the legal fees in getting this relatively simple matter resolved. But it does not appear to the Court that either side has acted to further some improper purpose nor acted without first conducting a reasonable inquiry into the facts and law before taking action. From the Court's perspective, this is not a case where the conduct of the parties or counsel is sanctionable, and the Court discourages any further motions to seek sanctions by either party. Accordingly,

**IT IS HEREBY ORDERED** that Charter Township of West Bloomfield's motion for sanctions (ECF No. 39) is denied.

```
Signed on March 09, 2016
                                     /s/ Phillip J. Shefferly
                                  Phillip J. Shefferly
                                  United States Bankruptcy Judge
```